## READ v. DIVILBLISS.

Appeal: QUESTIONS REVIEWED : EVIDENCE WANTING. Where the evidence is not set out in the abstract, this court cannot review alleged errors whose existence can be determined only by reference to the evidence ; and in such case the judgment must be affirmed, because error must be shown by the record. (See opinion for illustration.)

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

FILED, JANUARY 31, 1889.

ACTION by a landlord against his tenant to recover rent, and to enforce a specific lien therefor on certain

personal property. The cause was tried to the court, and a judgment rendered in favor of plaintiff for $194.25 and costs. The judgment also gave to plaintiff a lien on one horse, one mare, harness, wagon, farming implements, two loads of hay, two hogs, and tools in meat-shop, seized under a writ of attachment; and ordered that a special execution issue for the sale thereof, and a general execution for any balance remaining unpaid after the sale under the special execution. On the motion of defendant for a new trial, the court set aside so much of the judgment as found, and established a lien, and ordered a special execution. From that action of the court the plaintiff appeals.

*Read & Read*, for appellant.

*Cummins & Wright*, for appellee.

ROBINSON, J.—The court below found specially that it was agreed between the parties hereto that plaintiff should have a lien upon a team of horses, a wagon, harness, and other farming implements, which would otherwise be exempt from execution; that one of the horses was not owned by defendant at the time the agreement was made; but that it was agreed that, after he should have purchased it, he should execute to plaintiff a mortgage on said property to secure the claim for rent, which security was to be in addition to the landlord's lien; that defendant occupied the leased premises during the season for which they were leased; that he is a married man, the head of a family, a resident of Iowa, and was engaged in farming; that a writ of attachment was issued and levied upon two horses, one wagon, one set of double harness, one hay-rake, one mower, two loads of hay, two hogs, and a lot of meat in a meat market, and a lot of butcher's tools, on the twenty-seventh day of December, 1887, and that thereafter a landlord's attachment was issued and levied upon the same property; that before this action was brought

defendant refused to execute the mortgage; and that the amount for which judgment was rendered was due for rent which accrued under the lease.

Whether the agreement for a special lien upon which appellant relies was sufficient to accomplish the purpose for which it was intended is a question which we do not find it necessary to determine. One ground of the motion to set aside the judgment, and for a new trial, was that the finding and judgment of the court were contrary to the evidence. Another was that there was no evidence that the property levied upon was subjected to any specific lien by the defendant in favor of the plaintiff. Another was that the property levied upon was exempt from execution under the laws of the state, and there was no evidence that defendant waived such exemption. Another was that the court erred in holding that the evidence established a lien upon the property attached in favor of the plaintiff. None of the evidence submitted on the trial is set out in the abstract; hence, so far as we are advised, each of the grounds named for setting aside the judgment was well taken. The special findings of the court indicate nothing to the contrary. The evidence may not have sustained them. Furthermore, the court did not find that the property upon which the attachments were levied, and, which was referred to in the judgment, was the identical property in reference to which the alleged agreement for additional security was made. It is clear that the showing made by the record is such that the action of the district court cannot be disturbed. It is therefore

AFFIRMED.